Brady, J.[Dissenting.]
This action is brought to recover damages for the wrongful conversion by the defendant of certain personal property which tvas part of the estate of Duncan A. Grant, and claimed by the plaintiff as the substituted assignee of Grant. The taking of the goods is admitted. They appear to have been seized by the defendant, as sheriff, under certain warrants of attachment issued against Grant, upon the ground that he had assigned and disposed of his property with the intent to defraud his creditors. Some of the goods seized were sold, and it appears that about three weeks after the commencement of the suit for the conversion of the stock taken from Grant, the merchandize which was not disposed of was returned by the sheriff to the plaintiff and accepted by him. Upon the application of the defendant, an order was made directing the plaintiff to furnish a statement in writing of the goods, chattels, fixtures and other personal property alleged to have been carried away and converted by the defendant, together with a statement of the alleged value of each article, piece or portion of the property so alleged to have been taken, and that in default of such an account the plaintiff should be precluded from giving evidence on the trial of the alleged conversion of the property mentioned in the complaint or the value thereof. The defendant is a public officer, and the conversion charged against him was an act which he was called upon to perform by virtue of the various warrants of *88 attachment issued. The allegation in the complaint is, that between January 4, 1884, and February 25 following, the defendant, as sheriff, willfully and wrongfully seized, took and carried away and converted to his own use certain goods and merchandise, the property of the estate of Grant and belonging to the plaintiff as assignee. But this is too general an allegation in an action like this, and the court below was justified in directing the order which was made in the exercise of its discretion, and it cannot be interfered with-under the circumstances revealed by the papers submitted on this appeal. The order should therefore be affirmed, with $10 costs and the disbursements of the appeal.
Order modified as directed in the prevailing opinion, without costs to either party.